Snyder *v.* Gaither *et al.*

ADAM W. SNYDER, appellant, *v.* GEORGE R. GAITHER *et al.*, appellees.

*Appeal from St. Clair.*

After a party has abandoned his demurrer, he cannot assign for error the decision of the Court in overruling it.

Where a plea professes to answer the whole cause of action, but in truth only answers part, it is bad on demurrer.

The plaintiff, by demurring to a plea professing to answer the whole cause of action, when, in fact, it only answers part, does not thereby discontinue his suit.

The doctrine of discontinuance does not apply, where there are other pleas denying the entire cause of action.

Where a general verdict is given, on several counts, it will not be set aside, or reversed, if any one of the counts be good.

THIS cause was heard in the Court below, at the April term, 1841, before the Hon. Sidney Breese. Judgment was rendered for the plaintiffs for $1218.08 damages, and costs of suit. Motions for a new trial, and in arrest of judgment, were made and overruled. The defendant appealed to this Court.

JAMES SHIELDS and G. P. KOERNER, for the appellant, cited Chit. on Bills 273, 454, 475 and note; 8 East 242; 3 Kent's Com. 121; 8 Johns. 35, 38; 2 Chit. Plead. 252 and note; Comyn's Dig., title Assumpsit, letter B., 1, 12; 2 Blac. Com. 396; 2 Douglass 730.

LYMAN TRUMBULL, for the appellees, cited Chit. on Bills 474; 3 Peters' Dig. 200, § 12; Gould's Plead. 362; Steph. Plead. 255 and note P.; 1 Saund. 28, note; R. L. 64, § 5; Gale's Stat. 49; 1 Chit. Plead. 576 and authorities there cited; 2 Johns. 551, 555, 571; R. L. 486, 492, 488; Gale's Stat. 528, 530, 533; The People *v.* Pearson, 1 Scam. 458, 473.

TREAT, Justice, delivered the opinion of the Court:

The declaration in this cause is in *assumpsit*, and contains three counts.

The first count avers, that in consideration that the plaintiffs, in the Court below, at the special instance and request of Snyder, the defendant below, would sell to one Penseneau all such goods as said Penseneau might wish to purchase, the said defendant promised the plaintiffs, in writing, to guaranty the contract of said Penseneau; that, confiding in said promise, the plaintiffs furnished goods to said Penseneau, on a credit of six months, on the 5th day of December, 1838, to the amount of $1218.08; that Penseneau did not pay for the goods, although demand for payment was made, on the 12th day of May, 1840; of all which premises the defendant had notice.

The second count alleges that the defendant, Snyder, on the

1st day of February, 1839, in consideration that the plaintiffs, at the special instance and request of the defendant, had sold and delivered, on a credit of six months, to one Penseneau, other goods, of the value of $1218.08, undertook, by his writing, (of which profert is made,) to be responsible for the said sum, and then avers that Penseneau did not pay, although requested, on the 12th day of May, 1840; of which the defendant had notice, &c.

The third count is on an account stated. The breach to all the counts is, that the defendant did not pay said sums of money, although requested, on the 12th day of May, 1840.

To this declaration the defendant demurred generally, and the Court overruled the demurrer.

The defendant then pleaded, first, non assumpsit; secondly, payment by Penseneau; and, thirdly, commencing as a plea to the whole cause of action, he then averred that Penseneau purchased goods of the plaintiffs, to the amount of $752.41, part of the sum in plaintiffs' declaration mentioned, of which the defendant guarantied the payment, and for which Penseneau gave his note, at six months, &c.; and which amount was paid and discharged by Penseneau; and concluded with a verification.

There was a joinder on the first plea, and a replication and joinder on the second plea. The plaintiffs demurred to the third, and the Court sustained the demurrer.

On the issues joined on the first and second pleas, a trial was had, and verdict for the plaintiffs, and motions for a new trial, and in arrest of judgment, made and denied.

The first error assigned is, that the Court erred in overruling the demurrer to the declaration. The defendant can take nothing by this assignment of error. It has been repeatedly decided by this Court, that where a party abandons his demurrer, he cannot assign for error the decision of the Court in overruling it. The defendant, by pleading to the declaration, abandoned his demurrer.

The second assignment of error is, that the Court erred in sustaining the demurrer to the defendant's third plea. This plea professes to answer the whole cause of action, but in truth only answers part, and is, therefore, bad on demurrer. (1)

It is, however, contended, that the plaintiffs, by demurring to the plea, without taking judgment, by *nil dicit*, for the part unanswered, thereby discontinued their action. The plaintiffs, by demurring to a plea professing to answer the whole cause of action, do not discontinue. (2) Besides, the doctrine of discontinuance does not apply, where, as in this case, there are pleas denying the entire cause of action.

The third and last assignment of error relied on, is, that the Court erred in overruling the motion in arrest of judgment, the declaration being defective.

(1) 1 Chit. Plead. 554.                    (2) 1 Chit. Plead. 555.

Where a general verdict is given, on several counts, the same shall not be set aside, or reversed, if any one or more of the counts be good. (1)   Without enquiring into the sufficiency of the first and second counts of the declaration, there can be no doubt as to the third.   It is the common count, on an account stated.

Perceiving no errors in the proceedings of the Court below, we affirm the judgment with costs.

*Judgment affirmed.*